IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| JOE STANLEY BROWN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> HILLCREST FOODS, INC.; ) <br> WAFFLE HOUSE INC.; and ) <br> WAFFLE HOUSE HOLDING CO., ) <br> INC. ) <br> ) <br> Defendants. ) <br> ) | CIVIL ACTION NO: 3:02CV449-H <br><br> **COMPLAINT** |

## I. INTRODUCTION AND JURISDICTION

1. This is an action seeking legal, equitable and declaratory relief under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), *et seq.* (Title VII) and the Civil Rights Act of 1866, 42 U.S.C. § 1981 (§ 1981). Plaintiff contends he was unlawfully denied promotion because of his race, and he was discharged in retaliation for filing an EEOC charge.

2. Plaintiff filed two timely charges of discrimination with the Equal Employment Opportunity Commission, which were designated by the EEOC's charge numbers 140A201410, and 140A201658. The EEOC has issued plaintiff a Right-to-Sue letter on both charges. Plaintiff filed this action within ninety (90) days of receipt of the Right-to-Sue letter and has complied with all jurisdictional requirements of Title VII, and has exhausted all administrative prerequisites to initiating this proceeding.

## II. PARTIES

3. Plaintiff, Joe Stanley Brown, is a citizen and resident of Mecklenburg County, North Carolina.

4. Defendant Hillcrest Foods, Inc. is a Georgia corporation doing business in the State of North Carolina and, doing business in Mecklenburg County, North Carolina. Hillcrest Foods, Inc. owns or operates approximately one hundred and twenty-five (125) Waffle House franchises, including the Waffle House stores located at 1352 Sugar Creek Road, and 4739 South Blvd, in Charlotte, North Carolina, which are the subject of this Complaint.

5. Defendant Waffle House, Inc. is a Georgia corporation doing business in the State of North Carolina.

6. Defendant Waffle House Holding Company, Inc. is a Georgia corporation doing business in the State of North Carolina.

7. At all times relevant to this complaint, Defendants Hillcrest Foods, Inc., Waffle House, Inc. and Waffle House Holding Company, Inc. maintained actual or constructive control, oversight, and/or direction over the operation of the Sugar Creek and South Boulevard Waffle House stores. These defendants committed, authorized, sanctioned, ratified and approved the unlawful action and conduct described and complained of in this complaint.

## III. FACTS

8. Plaintiff, Joe Stanley Brown, an African-American male, was hired as a grill operator on February 14, 1998. He had worked off and on for the Waffle House for approximately nineteen years.

9. In April 2002, Plaintiff called Waffle House headquarters in Georgia and asked to be

considered for the Unit Manager position at the South Boulevard store. Plaintiff then contacted his District Managers, Jackie Fralic and Danny Barnhart, with the same request. Plaintiff was told that he would be considered for the position, and that Michael Cary, the Regional Manager, would have the final say.

10. Plaintiff was not promoted; rather, Betty White, a less experienced, less qualified white female was given the job.

11. Upon information and belief, Ms. White soon quit because she was unable to perform the essential functions of the position.

12. Upon information and belief, Ms. White was replaced with another less qualified, white female; and Plaintiff was again denied promotion.

13. Plaintiff filed an EEOC charge alleging unlawful race discrimination in promotion on or about June 12, 2002.

14. Upon information and belief, Plaintiff was terminated on July 24, 2002, approximately seven (7) to fourteen (14) days after Defendants received notice of Plaintiff's Charge of Discrimination.

15. On July 25, 2002, Plaintiff filed a second EEOC charge alleging that he was terminated in retaliation for opposing unlawful discrimination by the filing of his first charge in June 2002.

16. The EEOC issued a Right-To-Sue letter on both the promotion charge and the retaliation charge on July 31, 2002.

### IV. FIRST CLAIM FOR RELIEF -- DENIAL OF PROMOTION BECAUSE OF RACE

17. Plaintiff re-alleges paragraphs 1 through 16 herein.

18. Defendants subjected Plaintiff to race discrimination by denying him promotions on account of his race and color. Less experienced white employees were instead given opportunities and advanced in the company.

19. The above actions were taken with the intent and purpose of discriminating against Plaintiff because of his race and color. Defendants' actions were undertaken willfully, wantonly and with reckless disregard for Plaintiff's rights, in violation of Title VII and §1981.

## V. SECOND CLAIM FOR RELIEF -- RETALIATION

20. Plaintiff re-alleges paragraphs 1 through 16 herein.

21. Defendants retaliated against Plaintiff because of his opposition to practices made unlawful by Title VII.

22. The above actions were taken with the intent of retaliating against Plaintiff for complaining about the company's discriminatory practices, and were undertaken willfully, wantonly and with reckless disregard for Plaintiff's rights, in violation of Title VII, and §1981.

## VI. DAMAGES

23. As a result of the discrimination claimed herein, Plaintiff has suffered loss of past, present, and future earnings, loss of fringe benefits, loss of retirement benefits, loss of status, as well as mental anguish and distress and other monetary losses.

25. Defendants' conduct in denying Plaintiff promotions on the basis of his race and color, and retaliating against him because of his opposition to unlawful discrimination was willful, wanton and malicious and in reckless disregard of Plaintiff's rights. As a result of Defendants' willful and wanton misconduct, Plaintiff suffered damages in an amount to be

proven at trial and is entitled to punitive damages.

26. Plaintiff has been and continues to be injured by the Defendants' discriminatory actions, and will continue to be injured until Defendants are enjoined by this court.

## VIII. JURY TRIAL DEMANDED

27. Plaintiff hereby demands a trial by jury of all legal claims asserted herein.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the discrimination alleged herein be remedied in full and that the court, after a jury trial:

(1) Declare the actions complained of herein to be illegal;

(2) Issue an injunction enjoining the Defendants, their agents, employees, successors, attorneys and those acting in concert or participation with the defendants and at its direction from engaging in the unlawful practices set forth herein and any other employment practice shown to be in violation of Title VII. § 1981;

(3) Direct that the Defendants take such steps as may be appropriate to reinstate Plaintiff, with pay and conditions of employment as he would have received had there been no discrimination by the defendants on the basis of race and color;

(4) Award Plaintiff compensatory damages to which he is entitled;

(5) Award the Plaintiff punitive damages to which he is entitled;

(6) Award Plaintiff his cost and expenses in this action; and

(7) Grant such other and further relief as may be just and necessary to afford complete relief to the Plaintiff.

This the 28th of October, 2002.

Respectfully submitted,

_____
Joe Stanley Brown, *Pro Se*