# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL DOCKET NO.: 3:02CV449-V

| | |
|---|---|
| **JOE STANLEY BROWN,** Plaintiff, | )<br>)<br>) |
| vs. | ) **FINAL**<br>) **JUDGMENT**<br>) |
| **HILLCREST FOODS, INC.,** Defendant. | )<br>)<br>) |

**THIS MATTER** is before the Court pursuant to the jury's verdict in this civil action, dated January 31, 2005. (Document #85) The jury determined that the preponderance of the evidence established Defendant's liability under the retaliation provision of Title VII, 42 U.S.C. § 2000e-3(a). The jury found in favor of Defendant on Plaintiff's claims alleging racial discrimination under 42 U.S.C. §2000e-2. Consistent with the jury's findings:

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT JUDGMENT** is entered in favor of Plaintiff on his Third Cause of Action, Retaliatory Discharge in violation of 42 U.S.C. § 2000e-3(a). Accordingly, Plaintiff is awarded monetary damages, and Defendant directed to pay Plaintiff's damages, in the amount of $420,000. Plaintiff's total award consists of the following: $90,900.50 compensatory damages ($20,900.50 wages and benefits + $70,000 emotional pain and mental anguish) plus $250,000 punitive damages, plus pre-judgment interest on Plaintiff's compensatory damages award ($90,900.50) at a rate of 2.5%. Post-judgment interest shall begin to accrue as of the date of this Final Judgment.[1]

---

[1] In the parties' December 1, 2006 filings, an issue arose with respect to the date from which post-judgment interest shall apply.

Post-judgment interest is governed by 28 U.S.C. §1961, which provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." The Supreme Court has determined that post-judgment interest under 1961 "properly runs from the date of the entry of judgment." See Kaiser Aluminum & Chem. Corp. v. Bonjorno, 494 U.S. 827, 835 (1990). However, there is a split among the circuits regarding whether the entry of judgment must be "final" for purposes of appeal. Compare In re Lower Lake Erie Iron Ore Antitrust Litigation, 998 F.2d 1144, 1177-78 (3rd Cir. 1993) (Section 1961 "does not by its terms mandate that the judgment from which interest is calculated must be a final judgment."); Skalka v. Fernald Envtl. Restoration Mgmt. Corp., 178 F.3d 414, 429 (6th Cir.1999) (same); and Dishman v. UNUM Life Ins. Co. Of Am., 269 F.3d 974, 990-91 (9th Cir.2001)("judgment within the meaning of Section 1961 means "final, appealable order."")

The Fourth Circuit has never addressed this issue. In Kaiser, the Supreme Court explained the purpose of post-judgment interest - "to compensate the successful plaintiff for being deprived of compensation for the loss of the time between the ascertainment of the damage and the payment of the defendant." Kaiser, 494 U.S. at 835-36; Johansen v. Combustion Engineering, Inc., 170 F.3d 1320, 1339-40 (11th Cir.1999) (upholding district court ruling after remand imposing post-judgment interest as of the date of original judgment even though award had been reduced) . Applying the "ascertainment of

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED THAT JUDGMENT** is entered in favor of Defendant on Plaintiff's First and Second Causes of Action, alleging Racial Discrimination by denying promotional opportunities under 42 U.S.C. §2000e-2. Plaintiff's First and Second Causes of Action are hereby **DISMISSED WITH PREJUDICE**.

Signed: January 8, 2007

Richard L. Voorhees
United States District Judge

---

damages test" articulated within <u>Kaiser</u>, the undersigned finds that punitive damages were not ascertained with any certainty until the post-trial motions were disposed of by this Court. Therefore, Plaintiff's post-judgment interest award shall be calculated from the date of the instant Final Judgment as opposed to the date of the original judgment entered upon the verdict.